# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| CRYSTAL BALISTRERI,<br><br>   Plaintiff,<br><br>v.<br><br>BUHLER QUALITY YARNS CORPORATION,<br><br>   Defendant. | CIVIL ACTION FILE NO.<br>2:22-CV-220-RWS-JCF<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff, Crystal Balistreri ("Plaintiff"), by and through her undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against Defendant Buhler Quality Yarns Corporation (hereinafter "Defendant" or "Buhler"), showing the following:

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Counts I & II of this Complaint, which arise out of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA").

2. This Court has personal jurisdiction over the parties because a substantial portion of the employment practices described herein were committed within the

Gainesville Division of the Northern District of Georgia.

3.  Plaintiff exhausted all administrative remedies in this matter. *Dismissal and Notice of Rights*, Ex. 1.

4.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II. PARTIES

5.  Plaintiff is a resident of Banks County in the State of Georgia, a citizen of the United States of America, and is subject to the jurisdiction of this Court.

6.  Defendant is a domestic profit corporation registered to conduct business in the State of Georgia.

7.  The majority of the events plead herein occurred at the work site of 1881 Athens Highway, Jefferson GA 30549.

8.  Defendant may be served by delivering a copy of the Complaint and Summons to its registered agent, Alcide Josef DeLisle, at 1180 West Peachtree Street NW, Suite 2100, Atlanta, GA 30309.

9.  Defendant is subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

## III. FACTUAL ALLEGATIONS

10. Defendant is now, and at all times relevant hereto, an employer subject to the ADA.

11. Plaintiff began working for Defendant as a Machine Operator in February 2021.

12. Plaintiff initially worked twelve (12) hour shifts five (5) days per week.

13. Prior to the events in question, Plaintiff had no negative reviews or disciplinary action on her record.

14. In March 2021, Plaintiff took one month of unpaid leave that was approved by Defendant for gallbladder surgery.

15. Plaintiff returned to work on or about April 26, 2021.

16. On May 24, 2021, Plaintiff became aware that she required surgery on her neck for chronic pain.

17. Plaintiff underwent testing to prepare for surgery on or about May 25, 2021.

18. Plaintiff was subjected to a written disciplinary action by Defendant Supervisor, Ms. Sheila Skinner, for being absent May 25, 2021.

19. Plaintiff was informed the disciplinary action was because Plaintiff was required to provide two hours' notice prior to absences.

20. Plaintiff previously provided less notice without issue for non-medical reasons.

21. Plaintiff requested a reasonable accommodation of reduced hours per week to allow her to attend necessary doctor appointments in preparation for her surgery.

22. Specifically, Plaintiff requested to work four days of twelve hour shifts.

23. In response, Defendant adjusted Plaintiff's schedule to Monday through Friday 11 PM to 7:30 AM.

24. Plaintiff was no longer able to obtain overtime hours.

25. The offered accommodation of alternate schedule did not accommodate Plaintiff's need to see her physicians.

26. Plaintiff informed Defendant Human Resources ("HR") Manager, Ms. Jeanette Tyldesley, that she could still work overtime but needed time during "regular business hours" to see her physicians.

27. Ms. Tyldesley told Plaintiff she may not work overtime until she had a doctor's note releasing her without restrictions.

28. On May 31, 2021, Plaintiff obtained a doctor's note releasing her to return to work without restrictions.

29. Plaintiff was informed she could return to work as early as June 1, 2021, but only if she worked the new shift of 11 PM to 7:30 AM.

30. Plaintiff was not provided with a reason she could not return to her original shift.

31. Plaintiff missed substantial overtime opportunities following her request for a reasonable accommodation.

32. On June 4, 2021, Plaintiff was terminated for "excessive absences."

33. On or about August 5, 2021 Plaintiff filed a claim with the EEOC, Charge Number 410-2021-06197.

34. Plaintiff received her Dismissal and Notice of Rights from the EEOC, dated August 9, 2022. *Dismissal and Notice of Rights*, Ex. 1.

## IV. CLAIMS FOR RELIEF

### COUNT I: ADA DISCRIMINATION/FAILURE TO ACCOMMODATE

35. Plaintiff incorporates by reference paragraphs all paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

36. Plaintiff is a qualified individual with a disability or, alternatively, perceived as disabled.

37. Defendant was aware of Plaintiff's disability or, alternatively, perceived Plaintiff as disabled.

38. Plaintiff requested accommodations (i.e. adjusted schedule) pursuant to the ADA based on her disabilities.

39. Following her requests for accommodations, Plaintiff was terminated for alleged excessive absences while following Defendant's instructions not to return without a doctor's note.

40. Defendant failed to engage in the reasonable, interactive accommodation

process.

41.     Defendant has no legitimate business reasons for the adverse actions against Plaintiff.

## COUNT II: ADA RETALIATION

42.     Plaintiff incorporates by reference paragraphs all paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

43.     Plaintiff's continued requests for accommodations constitute protected activities pursuant to the ADA.

44.     Defendant had knowledge of Plaintiff's protected activities.

45.     Plaintiff's termination constitutes an adverse action pursuant to the ADA.

46.     The close temporal proximity of the protected activities and adverse actions demonstrates causation.

47.     Defendant has no legitimate business reasons for the adverse actions against Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. That judgment be entered against Defendant on all claims;

c. Actual and compensatory damages;

d. Punitive and liquidated damages based on Defendant's willful, malicious, intentional, and deliberate acts;

e. Reasonable attorney fees and expenses of litigation;

f. Prejudgment interest at the rate allowed by law;

g. Declaratory relief to the effect that Defendant violated Plaintiff's statutory rights;

h. Injunctive relief prohibiting Defendant from further unlawful conduct of the type described herein; and

i. Any other relief this Court deems proper and just.

Respectfully submitted this 7th day of November, 2022.

THE KIRBY G. SMITH LAW FIRM, LLC

s/Rachel B. Canfield
Rachel B. Canfield
Georgia Bar No. 488716
Kirby G. Smith
Georgia Bar No. 250119
*Attorneys for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
rbc@kirbygsmith.com

## JURY DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 7th day of November, 2022.

                    THE KIRBY G. SMITH LAW FIRM, LLC

                    s/Rachel B. Canfield
                    Rachel B. Canfield
                    Georgia Bar No. 488716
                    Kirby G. Smith
                    Georgia Bar No. 250119
                    *Attorneys for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
rbc@kirbygsmith.com